**New York University**
*A private university in the public service*

**FEDERAL DEFENDER CLINIC**
Washington Square Legal Services, Inc.
245 Sullivan Street, 6th Floor
New York, New York 10012

Telephone:     (212) 998-6443
Fax:                 (212) 995-4031

David Klem
David Patton
*Supervising Attorneys*


FILED BY ELECTRONIC CASE FILE SYSTEM

The Honorable Robert M. Levy                                                                                  April 2, 2006
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201


Re:     United States v. William Walker
           Magistrate Docket No. 06-M-187

Dear Judge Levy,

The defense submits this letter in reply to the government's letter regarding the above-mentioned case, of which the defense received notice in the late afternoon of Saturday, April 1, 2006.  While we dispute that Major Walker shoved Officer Woodland, even if the government proves such conduct, a shove does not fit the statutory definition of assault under 18 U.S.C. §113(a)(4).  The government is wrong to suggest that any contact, no matter how minimal or even unintended, amounts to the federal crime of assault by striking beating, or wounding.

I.      "Assault by Striking, Beating, or Wounding" Requires the Government to Prove that Major Walker Struck, Beat, or Wounded Officer Woodland

In its letter, the government attempts to read the words "striking, beating, or wounding" out of the statute by incorrectly asserting that "any form of unwanted touching will fall under the rubric of assault under this statute."  Government's Letter, pg. 2. The Second Circuit has never held that such a broad array of conduct is criminalized by this statute.  Congress, instead, meant what it said when in plain language criminalized "assault by striking, beating or wounding."   18 U.S.C. § 113(a)(4).  18 U.S.C. § 113

creates a hierarchy of assault, ranging from assault with intent to murder, 18 U.S.C. § 113(a)(1), down to simple assault. 18 U.S.C. § 113(a)(5). Assault by striking, beating, or wounding therefore requires some conduct more severe than simple assault: namely "striking, beating, or wounding." 18 U.S.C. § 113(a)(4); see also United States v. Guardia, 10 F. Supp. 2d 1237, 1240 (D. N.M. 1998) (18 U.S.C. § 113(a)(4) "does not proscribe unlawful touching unless 'striking, beating, or wounding' is involved.").

The government has offered the Court no cases in which a mere push or shove was sufficient to support a conviction for assault by striking, beating, or wounding. No such case exists. We have pulled every written opinion on LexisNexis, published and unpublished, where the defendant was charged under 18 U.S.C. § 113(a)(4).[1] See Appendix A. There are twenty-four opinions in total, though only nineteen give any mention of the facts supporting the conviction.

In not one case was a mere push or shove enough to support a conviction. In the typical case, the defendant repeatedly struck the complaining witness with a blunt object or fist, creating significant injuries. See, e.g., United States v. Petersen, 276 F.3d 432, 434 (8th Cir. 2002) (conduct was "striking her repeatedly on the head with a flashlight"); United States v. Walema, 1999 U.S. App. LEXIS 22990, *2 (9th Cir. 1999) (unpublished opinion) (defendant "struck with a nail-embedded stick leaving welts and bruising which lasted up to two weeks after the incident"). In the case with the least severe conduct that supported a conviction, the defendant pushed his wife, but also struck her on the head with his hand. United States v. James, 164 F. Supp. 2d 718, 719 (D. Md. 2001). In the only case where the conduct was limited to a shove, the jury acquitted on the §113(a)(4) charge. United States v. Grossman, 131 F.3d 1449, 1450 (11th Cir. 1997). A factual summary of all twenty-four cases can be found in Appendix A.

In support of its argument, that mere contact suffices for a conviction for assault by striking, beating, or wounding, the government cites four cases. None of these cases, however, actually address the amount or kind of contact required to support a conviction under § 113(a)(4). In United States v. Martin, 536 F.2d 535 (2d Cir. 1976), the Second Circuit only addresses whether an intent to injure is required by §113(d), the predecessor of § 113(a)(4), not the type or degree of violence required for conviction. Id. at 535. Moreover, the government has omitted many of the facts supporting the conviction in Martin. The government asserts that mere contact implicitly satisfied the Second Circuit in Martin. Government's Letter, p. 2. This is incorrect. The defendant in that case was convicted under § 113(a)(4) after he not only "struck one of the officers with his arm," but also threatened the officer with a knife and engaged in a subsequent scuffle with the police officer, requiring the officer to subdue the defendant. Martin, 536 F.2d at 535. Such conduct is significantly greater than a mere shove.

---

[1] Our survey thus covers the last ten years, as § 113(a)(4) was created in 1996 when §113 was renumbered. Before 1996, § 113(d) included identical language to § 113(a)(4). § 113(d) itself was preceded by similar language which was originally 18 U.S.C. §455. We conducted a similar survey within the Second Circuit of all convictions under §§ 113(d) and 455 and found no cases where a defendant was convicted under this language for a shove or push.

The Eighth Circuit's opinion in United States v. Iron Shell, 633 F.2d 77, 88 (8th Cir. 1980), also does not address the type of contact which constitutes "striking, beating, or wounding." Instead, the Court held that § 113(a)(4) is not a lesser-included offense of assault with intent to rape because an assault with intent to rape does not require any contact whatsoever. Iron Shell, 633 F.2d at 88 ("[N]o physical contact or offensive touching is required in a charge of assault with intent to commit rape."). While holding that § 113(a)(4) requires contact, the case does not define the amount of contact that rises to an assault by "striking, beating, or wounding."

The issue in United States v. Stewart, 568 F.2d 501 (6th Cir. 1978) was whether a defendant accused of §113(d) has a constitutional right to jury trial, not whether the defendants' conduct constituted striking, beating, or wounding. Id. at 502. Moreover, as in Martin, the underlying conduct in Stewart was clearly far more severe than the conduct alleged by the government in this case. Stewart does not indicate the exact conduct supporting the conviction, but notes that the government successfully admitted pictures of the "physical condition of [the complainant] after the affray." Stewart, 568 F.2d at 502. Thus the complainant in Stewart must have received significant and visible physical injuries. Again, the mere shove alleged by the government in this case is far less severe than the facts confronting the Stewart court.

Finally, as in Martin, in United States v. Brown, 1993 U.S. App. LEXIS 34418 (9th Cir. 1993) (unpublished opinion), the Ninth Circuit addressed only what mens rea is required by 18 U.S.C. § 113(a)(4), not the degree or type of conduct which constitutes striking, beating or wounding. Id. at *4-*9. In addition, the defendant in Brown both struck and bit a police officer, conduct which clearly meets the definition of striking, beating, and wounding. Id. at *10.

The government's interpretation of 18 U.S.C. § 113(a)(4) expands the definition of "striking, beating, or wounding" beyond what Congress could have possibly intended. No court has convicted a defendant for "striking, beating, or wounding" merely based on a push or shove. The government relies upon cases which do not confront an instance of such minor conduct. The Court should interpret 18 U.S.C. § 113(a)(4) to cover precisely the conduct that Congress intended to prohibit, as evidenced by the plain language of the statute: assault by striking, beating, or wounding.

II.     18 U.S.C. § 113(a)(4) Requires an Intent to Strike, Beat, or Wound

The government seeks to make an assault by striking, beating, or wounding a strict liability offense, claiming that the Second Circuit in Martin read out an intent requirement. In its per curiam opinion in Martin, the Circuit Court merely said that "assault by striking, beating or wounding" did not require an "intent to cause injury." Martin, 536 F.2d at 535. The statute neither requires an injury nor an intent to injure. The statute, however, does require "striking, beating, or wounding" and an intent to strike, beat, or wound.

In the only opinion to interpret <u>Martin</u>, the Ninth Circuit held that while no intent to injure is needed, the offense did not strictly impose liability. An "intent to strike and to scuffle" was required. <u>See</u> <u>Brown</u>, 1993 U.S. App. LEXIS 34418 at *4. Even if <u>Martin</u> were interpreted to require no intent, since that decision the Supreme Court has clarified that a specific mens rea must be read into each element of a statute that criminalizes otherwise innocent behavior. See <u>United States v. X-Citement Video, Inc.</u>, 513 U.S. 64, 72 (1994). A failure to read in such an intent would criminalize entirely innocent, involuntary, or unintentional conduct. 18 U.S.C. § 113 (a)(4) requires that the government prove beyond a reasonable doubt that Major Walker intended to strike, beat, or wound Officer Woodland.

III.   <u>Conclusion</u>

If the government's position, that no intent is required and "any form of unwanted touching" is sufficient, then every jostle on the subway or sidewalk, every foul on the basketball court, and every overeager handshake would constitute an assault by striking, beating, or wounding, punishable by up to 6 months in prison and a $5,000 fine. This simply cannot be the case. Such a reading is not consistent with the plain language of the statute and would render 18 U.S.C. § 113(a)(d) unconstitutionally vague.

Respectfully submitted,

_____   _____

Ben Huebner                        David Patton
Student Attorney                   Supervising Attorney
                                   Federal Defender Clinic

## APPENDIX A

|   | Case | Conduct constituting violation under §113(a)(4) |
|---|------|---|
| 1 | United States v. De Jesus, 277 F.3d 609 (1st Cir. 2002) | No account of underlying conduct. |
| 2 | United States v. Zenon-Encarnacion, 185 F. Supp. 2d 127 (D. Puerto Rico 2001) | Defendant accused of throwing rocks at military personnel, causing "hematoma in the torso."[*] |
| 3 | United States v. De Jesus, 108 F. Supp. 2d 68 (D. Puerto Rico 2000) | No account of underlying conduct. |
| 4 | United States v. Calvert, No. 95-1378, 1996 U.S. App. LEXIS 2468 (2d Cir. Jan. 16, 1996) (unpublished) | Defendant, a patient in a psychiatric ward, was convicted under § 113(d).[i] The court found that the government provided sufficient evidence that the defendant "struck" and "wounded" the victim. |
| 5 | United States v. Olivares, 292 F.3d 196 (4th Cir. 2002) | No account of underlying conduct. |
| 6 | United States v. Hammond, No. 99-4167, 1999 U.S. App. LEXIS 23330 (4th Cir. Sept. 24, 1999) (unpublished) | No account of underlying conduct. |
| 7 | United States v. Jones, No. 98-4356, 1998 U.S. App. LEXIS 28250 (4th Cir. Nov. 9, 1998) (unpublished) | Defendant "repeatedly punched victim" leading to "cut lip and a bruised and swollen face." |
| 8 | United States v. McLean, No. 97-4873, 1998 U.S. App. LEXIS 8650 (4th Cir. May 4, 1998) (unpublished) | Defendant "pull[ed] a metal shank from his pants and stab[bed] [victim] several times in the head, face, and back." |
| 9 | United States v. James, 164 F. Supp. 2d 718 (D. Md. 2001) | Defendant pushed wife and hit her on the back of the head with his open hand. |
| 10 | United States v. Moreland, No. 99-4457, 2000 U.S. App. LEXIS 15749 (6th Cir. June 30, 2000) (unpublished) | Testimony that defendant "beat struck, *and* wounded a co-worker" was sufficient to sustain a conviction (emphasis added). |

| | | |
|---|---|---|
| 11 | United States v. Petersen, 276 F.3d 432 (8th Cir. 2002) | Defendant convicted under § 113(a)(3) and the lesser included offense of § 113(a)(4), and other statutory provisions, for "striking [victim] repeatedly on the head with a flashlight" then "chok[ing] her until she became unconscious." The victim "suffered a dislocated shoulder, lacerations to her head, and bruises on her neck and shoulders." It is unclear which of the defendant's acts provided the basis for a conviction of each offense. |
| 12 | United States v. McCloskey, 169 F.3d 506 (8th Cir. 1999) | Defendant convicted under § 113(a)(3) and the lesser included offense of § 113(a)(4), for repeatedly striking his victim with an axe on the head and arm. The victim sustained injuries, including "a broken arm and a deep head wound." |
| 13 | United States v. LeCompte, 108 F.3d 948 (8th Cir. 1997) | Defendant charged under § 113(a)(3) and the lesser included offense of § 113(a)(4). Jury convicted defendant under § 113(a)(4) for hitting the victim with the base of a phone. |
| 14 | United States v. Peshlakai, 31 F.App'x 474 (9th Cir. 2002) (unpublished) | Defendant convicted under §§ 113(a)(4) and (a)(6) (serious bodily injury). "Beating and kicking" were involved. |
| 15 | United States v. Wyatt, 13 F.App'x 676 (9th Cir. 2001) (unpublished) | No account of underlying conduct, though case notes that assault resulted in $18,377.15 in medical bills. |
| 16 | United States v. Gaebler, 10 F.App'x 579 (9th Cir. 2001) (unpublished) | No account of underlying conduct. |
| 17 | United States v. Walema, No. 98-10467, 1999 U.S. App. LEXIS 22990 (9th Cir. September 16, 1999) (unpublished) | Defendant convicted of § 1153 and § 113(a)(4) because he "struck [the victim] with a nail-embedded stick leaving welts and bruising which lasted up to two weeks after the incident." |
| 18 | United States v. Costello-Miller, No. 97-10468, 1998 U.S. App. LEXIS 27836 (9th Cir. October 26, 1998) (unpublished) | §§ 113(a)(3) and (a)(4) conviction, unspecified injuries but photographs of the injuries were admitted at trial. |

| 19 | United States v. Keys, 103 F.3d 758 (9th Cir. 1996) | § 113(a)(4) charged, but magistrate judge found that the defendant was guilty of simple assault because he struck his four year-old daughter in bottom causing "bruising, scabs, and marks." |
|---|---|---|
| 20 | United States v. Brown, 50 F.App'x 970 (10th Cir. 2002) (unpublished opinion) | Initially convicted at jury trial of serious bodily injury § 113(a)(6), but lesser included charges under §§ 113(a)(4) and (a)(5) were also charged. The defendant moved post-trial for a dismissal of the § 113(a)(6) charge, arguing that the evidence presented at trial only sufficient for a conviction under §§ 113(a)(4) and (a)(5). The defendant's motion was granted as to § 113 (a)(4) because the alleged severe ankle injury was not proved beyond a reasonable doubt. The appellate court reversed. The Circuit court found that repeated punches resulting in a broken ankle, a cut nose, a black eye, and missing hair, is enough to sustain a conviction under all three sections. |
| 21 | United States v. Abadia-Almonte, 21 F.App'x 863 (10th Cir. 2001) (unpublished opinion) | Defendant convicted of § 113(a)(4). Defendant swung at his wife, knocking her to the ground, and giving her bruises on the arm. Tenth Circuit finds that this is evidence of the "requisite physical contact" necessary to sustain a conviction under the statute. |
| 22 | United States v. Chacon, No. 98-2183, 1999 U.S. App. LEXIS 22438 (10th Cir. September 16, 1999) (unpublished opinion) | Defendant convicted under §§ 113(a)(4) and (a)(6) pursuant to § 1152, for violently shaking his infant, causing cerebral hemorrhage and "massive preretinal hemorrhage in his left eye" and seizures. The decision only discusses § 113 (a)(6) and finds that this conduct is sufficient to sustain the conviction. |

| 23 | United States v. Chavez, 204 F.3d 1305 (11th Cir. 2000) | Defendant convicted under § 113(a)(4) for grabbing the victim by her hair, slapping her in the face, and putting her fist in the back of the neck, or choking her neck (depending on the witness). |
| --- | --- | --- |
| 24 | United States v. Grossman, 131 F.3d 1449 (11th Cir. 1997) | Jury finds defendant not-guilty of § 113(a)(4) after hearing testimony that defendant pushed a flight attendant. Defendant was convicted on another charge. |

---

[*] This was an appeal to a motion to dismiss. There was no conviction at this point.

[i] § 113(d) was revised as § 113(a)(4).